IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL L. SPARKS,**
**# K-98355**

**Petitioner,**

     **vs.**                                 **Case No. 14-cv-1044-MJR**

**KIMBERLY BUTLER,**

**Respondent.**

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

        Petitioner Michael L. Sparks, who is currently incarcerated in Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). Sparks is serving a thirty-five year prison sentence for first degree murder. He seeks reversal of his conviction and sentence on twelve grounds (Doc. 1, pp. 8-36). Prior to commencing this action, Sparks allegedly exhausted his state court remedies on only five of these grounds. However, state court proceedings are on-going on the remaining seven grounds, which are allegedly based on newly discovered evidence. In order to avoid running afoul of the statute of limitations that is applicable to this federal habeas action, Sparks filed the instant Section 2254 petition (Doc. 1) along with a motion for a stay and abeyance (Doc. 2). He now asks the Court to stay this action and hold in abeyance any ruling on the Section 2254 petition until he exhausts his state court remedies on the seven unexhausted claims.

        This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the pleadings filed to date in this matter, the Court concludes that the motion for a stay and abeyance (Doc. 2) shall be denied. Sparks shall be allowed to proceed with his exhausted claims (i.e., Grounds (1)-(5)) in this action, and his unexhausted claims (i.e., Grounds (6)-(12)) shall be dismissed without prejudice.

## I.   Background

In connection with the shooting death of his wife, Sparks was convicted of first-degree murder following a jury trial on October 30, 2002 (Doc. 1, p. 1). He was sentenced to thirty-five years of imprisonment on February 28, 2003. *Id*. His conviction and sentence were affirmed on direct appeal (Doc. 1, p. 2). *People v. Sparks*, No. 5-03-0297 (Ill. App. April 11, 2006) (Table) (Doc. 1, p. 2). The Illinois Supreme Court denied his petition for leave to appeal ("PLA") on September 27, 2006. *People v. Sparks*, 857 N.E.2d 682 (Ill. Sept. 27, 2006) (Doc. 1, p. 3).

Sparks challenged his conviction and sentence by filing two petitions for post-conviction relief. The first petition[1] was filed in the Circuit Court for Madison County, Illinois, on May 24, 2007 ("2007 petition") (Doc. 1, p. 4). Following several rounds of amendments and hearings, the trial court denied the 2007 petition on January 13, 2013 (Doc. 1, p. 5). The trial court's decision was affirmed on appeal on October 24, 2013. *People v. Sparks*, No. 5-13-0059 (Ill. App. Oct. 24, 2013) (Table). The Illinois Supreme Court denied a petition for leave to appeal ("PLA") on March 26, 2014. *People v. Sparks*, 5 N.E.3d 1128 (Ill. March 26, 2014).

---

[1] The arguments he raised in the post-conviction petition are discussed in more detail in the following section of this Order.

Sparks filed a second petition for post-conviction relief in Madison County, Illinois Circuit Court on March 24, 2014 ("2014 petition") (Doc. 1, p. 5). In his 2014 petition, Sparks raised new challenges[2] to his conviction and sentence, based on what he describes as newly-discovered evidence (Doc. 1, pp. 5-6). He alleges that the 2014 petition is pending, and counsel has been appointed to represent him in the state court proceedings (Doc. 1, p. 6).

## II.   Habeas Petition

In his Section 2254 petition, Sparks seeks reversal of his conviction and sentence on twelve grounds. The first five of these grounds have allegedly been addressed exhaustively in state court and are as follows:

(1) Sparks was denied his Fourteenth Amendment right to due process and a fair trial when he was forced to appear in court while strapped into an electronic stun belt shackling device without a showing of manifest need;

(2) Sparks was denied his Sixth Amendment right to the effective assistance of counsel when the State's attorney engaged Tomerlin[3] to obtain incriminating statements from Sparks outside the presence of Sparks' defense counsel;

(3) Spark's Fourteenth Amendment right to due process and a fair trial was violated when the State's attorney introduced testimony (of Tomerlin) that he knew or should have known was perjured;

(4) Sparks was denied his Sixth Amendment right to the effective assistance of trial counsel where counsel failed to investigate and call witnesses to impeach Tomerlin's testimony about the jailhouse confession; and

(5) Sparks was denied his Sixth Amendment right to the effective assistance of direct appeals counsel because appellate counsel failed to challenge the trial counsel's handling of (4).

(Doc. 1, pp. 8-18). Sparks claims that he has fully exhausted his state court remedies for Grounds (1)-(5).

---

[2] These additional grounds for relief are also addressed in more detail in the following section.
[3] Tomerlin is another inmate who testified against Sparks at trial by revealing details of his "jailhouse confession" in exchange for a reduced sentence. Sparks claims that Tomerlin lied about the confession.

The remaining seven grounds for relief were recently asserted in a 2014 petition. State court proceedings are on-going, and counsel has been appointed to represent Sparks in these proceedings. These grounds are as follows:

(6) Sparks was denied his Fourteenth Amendment right to due process and a fair trial by the prosecutorial misconduct of the State's attorney because he failed to provide discovery materials concerning the relationship with Tomerlin;

(7) Sparks was denied his Fourteenth Amendment right to due process and a fair trial because the trial judge, State's attorney, and Tomerlin cultivated a relationship founded upon Tomerlin's agreement to produce incriminating statements from citizens accused of crimes in exchange for favorable plea deals;

(8) Sparks was denied his Fourteenth Amendment right to due process and a fair post-conviction proceeding because that proceeding was also infected with bias;

(9) Sparks was denied his Sixth Amendment right to effective assistance of trial counsel because counsel failed to investigate and discover Tomerlin's relationship with the State's attorney and trial judge;

(10) Sparks was denied his Sixth Amendment right to effective assistance of trial counsel because trial counsel failed to provide notice of a defense, thus limiting the ability of the defense to use the opinion testimony of an expert witness concerning Spark's post-traumatic stress disorder;

(11) Sparks was denied his Sixth Amendment right to effective assistance of direct appeals counsel because appellate counsel did not challenge trial counsel's failure to provide proper notice of the same defense; and

(12) Sparks was denied his Sixth Amendment right to effective assistance of direct appeals counsel because counsel did not raise the issue of trial counsel's ineffectiveness for failing to investigate and challenge the relationship between the trial judge, State's attorney, and Tomerlin.

(Doc. 1, pp. 18-36). Sparks admits that he has not fully exhausted his state court remedies for Grounds (6)-(12).

In the Section 2254 petition, he seeks an order reversing his conviction and sentence and remanding his case for a new trial or releasing him from confinement (Doc. 1, p. 36). He concedes that the instant petition is not ripe for review of all of his claims.

Sparks explains that he filed the instant Section 2254 petition, in order to preserve his right to challenge his conviction and sentence on all twelve grounds, once state court proceedings are exhausted on Grounds (6)-(12). Along with the instant petition, he filed a motion for a stay and abeyance, in which he asks this Court to stay the federal habeas action until state court proceedings on his 2014 petition are completed.

### III.  Discussion

As a preliminary matter, the Court must first determine whether the petition is timely. Under 28 U.S.C. § 2244(d)(1), a petitioner has a one-year period in which to file an application for a writ of habeas corpus. According to § 2244(d)(1)(A), "the statute of limitations . . . begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time [90 days] allotted for filing a petition for writ." *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Put differently, the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year time period for filing this action began to run on December 27, 2006, i.e., ninety days after the Illinois Supreme Court denied the PLA in Sparks' direct appeal on September 27, 2006. *See People v. Sparks*, 857 N.E.2d 682 (Ill. Sept. 27, 2006) (Doc. 1, p. 3). Sparks did not file a petition for writ of *certiorari* with the United States Supreme

Court. Therefore, the statute of limitations for this habeas action began to run after the 90-day period for seeking *certiorari* review expired. *See id*. That deadline was December 26, 2006.

The one-year limitation period was tolled for Sparks while his 2007 petition was pending. According to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection" (emphasis added). For Sparks, the limitation period was tolled after 149 days, when he properly filed the 2007 petition for post-conviction relief in state court on May 24, 2007. Tolling ended on the claims raised therein when the PLA was denied on March 26, 2014. He filed the instant federal habeas action 186 days later. At that point, 336 days had passed from the date that the judgment in his criminal case became final. His petition was therefore filed within the one-year statute of limitations and is timely.

Turning to the issue of exhaustion, Sparks appears to have properly exhausted his state court remedies for Grounds (1)-(5), but admittedly failed to exhaust his remedies for Grounds (6)-(12) before filing his federal habeas petition. Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before proceeding with a review of a petition for habeas corpus on its merits, the district court is required to make two inquiries, as follows:

> . . . whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the

>answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). As for Grounds (1)-(5), the answer to both questions appears to be "yes," and Sparks is not barred from proceeding with his Section 2254 petition on those claims at this time.

But Sparks asks the Court to wait and rule on all twelve grounds, once he has properly exhausted state court remedies on Grounds (6)-(12). Before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal district courts were prohibited from adjudicating petitions that presented both exhausted and unexhausted claims. The United States Supreme Court imposed a "total exhaustion" requirement. *See Rhines v. Weber*, 544 U.S. 269 (2005). Petitions containing both exhausted and unexhausted claims were routinely dismissed without prejudice, so that petitioners could return to state court and exhaust each claim before re-filing a federal habeas petition. *Id.* at 273-74 (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). At the time, there was no statute of limitations on federal habeas petitions. *Id*. at 274.

The AEDPA changed all of that. *Id.* While preserving the "total exhaustion" requirement, the AEDPA also imposed a one-year limitations period for filing a federal habeas petition. That limitations period is tolled while a state habeas petition is pending, but not a federal habeas petition. As a result of this change in the law under AEDPA, petitioners who file a "mixed" petition in federal court sometimes "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

Were this Court to dismiss the instant petition because it clearly violates the "total exhaustion" requirement, Sparks would certainly lose the opportunity for federal review of his exhausted claims. He filed the petition 336 days into the one-year limitations period for the first

five claims. The Court declines to dismiss the Section 2254 petition for violation of the "total exhaustion" requirement.

Sparks proposes an alternative to dismissal, i.e., a "stay-and-abeyance." Under this procedure, "rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Once the state court remedies are exhausted, "the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. District courts have authority to issue stays where doing so is a proper exercise of discretion. *Id.* at 276 (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681 (1997)).

However, this procedure is available in very limited circumstances for several reasons. The "stay-and-abeyance" procedure "frustrates AEDPA's objective of encouraging finality" by delaying the federal proceedings. *Id*. It also "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court." *Id*. For these reasons, the "stay-and-abeyance" procedure is only appropriate in the limited circumstances where a petitioner has "good cause" for failing to exhaust the claims in state court and when the unexhausted claims are not "plainly meritless." *Id*.

Sparks maintains that newly discovered evidence gave rise to the claims in his 2014 petition. The petition provides few details about the nature of this evidence or the timing of Sparks' discovery of it. Therefore, the Court cannot determine whether good cause has been shown for Sparks' failure to exhaust Grounds (6)-(12). The Court also cannot assess the merits of these claims based on the information presented. Moreover, the Court is concerned about

indefinite delays associated with a stay in this particular case.  The claims asserted in the 2007 petition took six years to resolve.  The trajectory and timing of state court proceedings on the grounds asserted in the 2014 petition are uncertain.

In *Rhines*, the Supreme Court offered a third alternative for handling mixed petitions, which this Court deems to be most appropriate for addressing Sparks' claims.  Where dismissal of a mixed petition would impair a petitioner's ability to obtain federal relief, a district court may allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims.  *Rhines*, 544 U.S. at 278.  The Court adopts this third approach for handling the instant petition.

For the reasons set forth above, Sparks' motion for a stay and abeyance (Doc. 2) shall be denied.  Sparks shall be allowed to proceed with his exhausted claims, i.e., Grounds (1)-(5), in this action.  Grounds (6)-(12) shall be dismissed without prejudice to Sparks filing a second Section 2254 petition to address those claims, once he exhausts his state court remedies.  Section 2244(b)(2)(B)(i) allows petitioners to file second or successive petitions where "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence."  Similarly, Section 2244(d)(1)(D) provides that the one-year limitations period shall begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence."  Assuming that he satisfies these requirements, Sparks can proceed with Grounds (6)-(12) in a separate federal habeas action.

### IV.   Disposition

**IT IS HEREBY ORDERED** that the motion for stay and abeyance (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that **Grounds (6)-(12)** are **DISMISSED** without

prejudice.

**IT IS HEREBY ORDERED** that with regard to **Grounds (1)-(5)**, respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before December 1, 2014).[4]  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2014**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**

---

[4] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.