# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL L. SPARKS,**
**# K-98355**

**Petitioner,**

    vs.                      Case No. 14-cv-1044-MJR

**KIMBERLY BUTLER,**

**Respondent.**

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for further proceedings that are consistent with the Seventh Circuit Court of Appeals' Order dated January 9, 2018, and Mandate entered in this District on January 31, 2018. *Sparks v. Dorethy*, App. No. 17-2135 (7th Cir.). Petitioner Michael L. Sparks is currently serving a thirty-five year prison sentence for first degree murder at Menard Correctional Center. In 2014, Sparks filed this federal habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1), in order to challenge his state court conviction and sentence on twelve grounds. (Doc. 1, pp. 8-36). Sparks indicated that the Petition included five exhausted grounds ("Grounds 1 through 5") and seven unexhausted grounds ("Grounds 6 through 12") for relief. *Id*.

Along with the Petition, Sparks filed a Motion for Stay and Abeyance, in which he asked the Court to stay the federal habeas action until he fully exhausted his state court remedies on Grounds 6 through 12. (Doc. 2). The Court denied the Motion and dismissed the unexhausted claims, but ordered a response to Grounds 1 through 5. (Doc. 6). The Petition was ultimately denied on May 4, 2017, and Sparks appealed. (Doc. 46).

On January 9, 2018, the Seventh Circuit Court of Appeals issued a certificate of appealability and vacated the district court's threshold order. *Sparks v. Dorethy*, App. No. 17-2135 (7th Cir. filed May 31, 2017). When presented with a "mixed" petition containing both exhausted and unexhausted claims, the Seventh Circuit explained that the district court should have dismissed the mixed petition consistent with *Rose v. Lundy*, 455 U.S. 509 (1982), allowed Sparks to decide whether to dismiss the unexhausted claims, or stayed proceedings if the criteria for a stay were satisfied under *Rhines v. Weber*, 544 U.S. 269 (2005). *See Sparks v. Dorethy*, App. No. 17-2135 (7th Cir.) (Doc. 24). The Seventh Circuit remanded the matter to this Court for further proceedings consistent with its Order.

## Discussion

Upon review of this matter, the Court finds that dismissal of the Petition is warranted. The Court previously considered and denied the Motion for Stay and Abeyance. (Docs. 2 and 6). The Court explained that this procedure is only appropriate in those limited circumstances where the petitioner has demonstrated good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he intentionally engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 275-76. The Court denied the Motion, after finding that Sparks offered insufficient information in support of his claims and his request for a stay. (Doc. 6). Sparks did not renew the motion at any time.

This Court has other options for dealing with a "mixed petition." In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a district court presented with a "mixed" federal habeas petition filed pursuant to 28 U.S.C. § 2254 "must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district

court." *Lundy*, 455 U.S. at 510. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court added that a district judge may allow the petitioner to dismiss the unexhausted claims. *Rhines*, 544 U.S. at 278. Consistent with *Lundy* and *Rhines*, the mixed Petition shall be dismissed. However, the dismissal shall be without prejudice, and Sparks will have an opportunity to amend and resubmit the habeas petition in this action, if he wishes to focus only on his exhausted claims. Alternatively, Spark may choose to first exhaust his state court remedies for the unexhausted claims before pursuing relief on all twelve grounds in federal court.

## Disposition

The Clerk is **DIRECTED** to **REOPEN** this case and **VACATE** the Order Referring Case (Doc. 6), consistent with the Seventh Circuit Court of Appeals' Mandate (Doc. 56) dated January 31, 2018.

**IT IS HEREBY ORDERED** that the "mixed" Petition for Writ of Habeas Corpus by a Person in State Custody Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), and *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner is granted leave to file an amended petition in *this* case within twenty-eight (28) days **on or before March 26, 2018.** If he chooses to amend, Petitioner should focus only on his exhausted claims and omit all reference in the Amended Petition to any unexhausted grounds for relief. Failure to file an Amended Petition in this case that is consistent with this deadline or these instructions may result in the dismissal of the action for failure to comply with a court order and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 26, 2018**

                                                  s/ MICHAEL J. REAGAN
                                                  **Chief Judge, United States District Court**