IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL L. SPARKS,**
**# K-98355**

**Petitioner,**

      vs.                                  Case No. 14-cv-1044-MJR

**KIMBERLY BUTLER,**

**Respondent.**

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is on remand from the Seventh Circuit Court of Appeals. *Sparks v. Dorethy*, App. No. 17-2135 (7th Cir.). Now before the Court for preliminary review is an Amended Petition for Habeas Relief Pursuant to 28 U.S.C. § 2254 ("Amended Petition") filed by Petitioner Michael Sparks through his counsel, Attorney Andrea Gambino, on March 26, 2018. (Doc. 58). The Amended Petition survives preliminary review and warrants a response.

Petitioner commenced this federal habeas action by filing a "mixed" Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Original Petition") on September 29, 2014. (Doc. 1). The Original Petition included a mixture of both exhausted and unexhausted claims. *Id*. Of the twelve claims presented, Petitioner indicated that five were exhausted and seven were not. (Docs. 1 and 6). Along with the Original Petition, he filed a motion seeking a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). After finding that Petitioner did not satisfy the requirements for a stay and abeyance, the Court dismissed the seven unexhausted claims and allowed Petitioner to proceed with his five exhausted claims. (Doc. 6). After the matter was fully briefed, this Court denied habeas relief and a certificate of appealability on May

1

4, 2017. (Doc. 46).

Petitioner appealed. (Doc. 48). On January 9, 2018, the Seventh Circuit vacated the District Court's decision. (Doc. 56-1). The Seventh Circuit remanded this matter, so that the District Court could dismiss the mixed petition under *Rose v. Lundy*, 455 U.S. 509 (1982), and allow Petitioner to decide whether to delete the unexhausted claims and amend <u>or</u> stay proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). On remand, the district court concluded that the Original Petition should be dismissed, and Petitioner was granted leave to file an amended petition. (Doc. 57).

On March 26, 2018, Petitioner filed an Amended Petition focusing on the following claims:

1. Sparks was denied his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial when he was forced to wear an electronic stun belt during trial without a showing of manifest need (Doc. 58, p. 2);

2. Sparks was denied his Fifth Amendment privilege against self-incrimination and Fifth/Fourteenth Amendment right to due process when the State's attorney used another jail inmate, Manuel Tomerlin, to obtain incriminating statements from Sparks outside the presence of Sparks' defense counsel (Doc. 58, p. 7);

3. Sparks' Fifth and/or Fourteenth Amendment right to due process and a fair trial was violated when the State's attorney introduced testimony of Manuel Tomerlin that he knew or should have known was perjured (Doc. 58, p. 13);

4. Trial counsel was ineffective in failing to investigate and call witnesses to impeach Tomerlin's testimony about Sparks' jailhouse confession (Doc. 58, p. 21); and

5. Trial counsel was ineffective in failing to raise trial counsel's failure to investigate and call witnesses as alleged above on direct appeal (Doc. 58, p. 24).

Petitioner omitted his seven unexhausted claims from the Amended Petition. He seeks to overturn his conviction on the basis of his five exhausted claims.

The Amended Petition is subject to screening pursuant to Rule 4 of the Rules Governing

§ 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the claims, the Court concludes that the Amended Petition warrants further review.

**IT IS HEREBY ORDERED** that Respondent shall answer the Amended Petition or otherwise plead within thirty days of the date this order is entered (on or before May 17, 2018).[1] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS SO ORDERED.**

**DATED: April 17, 2018**

s/ MICHAEL J. REAGAN  
**Chief Judge**  
**United States District Court**