IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL L. SPARKS,**
**# K-98355**

**Petitioner,**

vs.                                                    Case No. 14-cv-1044-MJR

**KIMBERLY BUTLER,**

**Respondent.**

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for consideration of Respondent's Motion to Dismiss Habeas Corpus Petition as Successive and Untimely. (Doc. 61). For the reasons set forth herein, the Motion is **DENIED**. Respondent shall have thirty (30) days to answer the Amended Petition (due on or before December 13, 2018).

## Background

On September 29, 2014, Petitioner Michael Sparks filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in order to challenge his state court conviction and sentence for first degree murder on twelve grounds ("Grounds 1 through 12"). The Petition contained a mix of exhausted ("Grounds 1 through 5") and unexhausted claims ("Grounds 6 through 12"). (Doc. 1, pp. 8-36). Sparks also filed a Motion for Stay and Abeyance, seeking to stay the federal habeas action until he fully exhausted his state court remedies for the unexhausted claims. (Doc. 2). The Court denied the motion, dismissed the unexhausted claims, and ordered a response for the exhausted claims. (Doc. 6). The Petition was ultimately dismissed. (Doc. 46). Sparks appealed. (Doc. 48).

1

The Seventh Circuit Court of Appeals issued a certificate of appealability and vacated the district court's threshold order on January 31, 2018. *Sparks v. Dorethy*, App. No. 17-2135 (7th Cir.) (Doc. 56-1). The Court of Appeals faulted the district court for failing to "wait for Sparks to decide whether to amend the petition so that it contained only exhausted claims" after emphasizing that the choice "belongs to the petitioner." (Doc. 56-1, p. 2). The Court described two other options for handling a mixed petition: (1) dismiss the entire petition and let the petitioner decide whether to delete the unexhausted claims and refile; or (2) stay the proceeding while the petitioner exhausts his remaining state remedies. *Id*. The case was remanded with instructions for the district court to decide whether to "dismiss the mixed petition, allow Sparks to decide whether to dismiss the unexhausted claims, or stay proceedings." *Id*.

In an Order dated February 26, 2018, the Court dismissed the mixed petition *without prejudice and with leave to file an amended petition in this case* that focuses only on the exhausted claims.[1] (Doc. 57). Sparks was given twenty-eight days to decide how he wished to proceed. *Id*. Before the deadline expired, he filed an Amended Petition focusing exclusively on his exhausted claims. (Doc. 58).

## Motion to Dismiss

The Motion to Dismiss Habeas Corpus Petition as Successive and Untimely followed. (Doc. 61). In it, Respondent argues that the Amended Petition was filed outside of the 1-year period applicable to a petition for writ of habeas corpus filed by a person in state custody and constitutes a second or successive petition, rather than an amended petition. (Doc. 61, p. 1) (citing 28 U.S.C. § 2244(d)(1)). By Respondent's calculation, the deadline for filing the federal habeas

---

[1] The Court also discussed his other options, which included refiling the federal habeas petition after fully exhausting all state court remedies for Counts 6 through 12 or renewing his motion for a stay and abeyance, among other things. (Doc. 57, pp. 2-3).

petition expired on October 29, 2014. (Doc. 61, p. 2). Although Sparks filed his original Petition one-month before this deadline expired, Respondent asserts that the Amended Petition was filed more than three years later. (Doc. 61, p. 4). Respondent argues that the language of this Court's Order -- dismissing the Petition *without prejudice* -- amounted to a final order that effectively closed the case and rendered the subsequent Amended Petition an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3)(A) that is untimely under 28 U.S.C. § 2244(d). (Doc. 61, pp. 4-5).

## Discussion

The Amended Petition relates back to the original Petition, which Respondent concedes was timely. *See* FED. R. CIV. P. 15(c). Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). The Seventh Circuit has applied this rule to amended habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 650 (noting that under 28 U.S.C. § 2242, a habeas petition may be amended in accordance with the Federal Rules of Civil Procedure and stating the standard for relation back); *Newell v. Hanks*, 283 F.3d 827, 834-35 (7th Cir. 2002) (applying Rule 15(c) of the Federal Rules of Civil Procedure to post-AEDPA habeas corpus proceeding involving amended § 2254 petition that was substantively identical to original petition).

The Amended Petition was properly filed with leave of the Court. In its Order dated February 26, 2018, the Court stated:

> **IT IS HEREBY ORDERED** that the 'mixed' Petition for Writ of Habeas Corpus by a Person in State Custody Under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), and *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner is granted leave to file an amended petition

3

> in *this* case within twenty-eight (28) days **on or before March 26, 2018.** If he chooses to amend, Petitioner should focus only on his exhausted claims and omit all reference in the Amended Petition to any unexhausted grounds for relief.

(Doc. 57, p. 3) (emphasis in original). The Amended Petition was filed consistent with the deadline and instructions of this Court. At the time it was filed, this case was still open. Judgment was not yet entered.

This Court screened the Amended Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts and determined that it is subject to further review. As compared to the original, the Amended Petition simply omits reference to the unexhausted claims. Sparks correctly focuses on his exhausted claims in Grounds 1 through 5. His decision to omit his unexhausted claims in Grounds 6 through 12 is entirely consistent with the Supreme Court's instructions in *Lundy* and *Rhines* indicating that "[a petitioner] can always amend the petition to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief," as it would here. *See Rhines*, 544 U.S. at 278 (quoting *Lundy*, 455 U.S. at 520). Respondent's motion to dismiss shall therefore be denied, and Respondent shall be granted additional time to answer the Amended Petition.

## Disposition

**IT IS HEREBY ORDERED** that the Motion to Dismiss Habeas Corpus Petition as Second or Successive and Untimely (Doc. 61) is **DENIED**.

**IT IS ORDERED** that Respondent shall answer the Amended Petition within thirty days of the date this order is entered (on or before December 13, 2018).[2]

---

[2] This response date is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 13, 2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**
